## Chappell's Estate.

*Decedents' estates—Widow's exemption and allowance—Bill of review—Mistake—Laches—Orphans' court—Powers—Act of Oct. 13, 1840.*

1. A bill of review will be allowed by the orphans' court to permit a widow to claim her exemption of $300, and her allowance of $5,000 under the Act of 1909, where it appears that the executor upon whom the widow relied, was absent from the audit on military service, that the widow was not represented by counsel, that her claim was not considered by the auditing judge, that the shares of stock which had been ordered to be distributed had been voluntarily surrendered without change to an officer of the court; that the rights of third parties had not intervened; that the widow moved within a month for a review; and had promptly notified the company issuing the stock not to transfer it.

2. The orphans' court has power not only under the Act of Oct. 13, 1840, P. L. 1, but under its inherent power, to correct an erroneous decree. Under such power it may even protect parties from their own mistakes and blunders, where no rights have changed in consequence of the decree.

Argued Feb. 24, 1919. Appeal, No. 257, Jan. T., 1919, by Stephen Chappell, Trustee, from decree of O. C. Lackawanna Co., No. 102, Year 1916, allowing bill of review in re Estate of Henry Chappell, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ. Affirmed.

Petition for bill of review. Before SANDO, P. J.

The court allowed the review. Stephen Chappell, trustee, appealed.

*Error assigned* was the decree allowing the review.

*A. A. Vosburg,* for appellant.

*H. M. Streeter,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 28, 1919:

The appellee's petition for review of the adjudication sets forth that, by inadvertence and mistake, the widow's exemption of $300, with other items named by her, had been omitted in final settlement and were not considered by the auditing judge. The court below ordered a reaudit and we have this appeal from the final decree in the reaudit. The only matter raised by the statement of questions involved is: "Should a review......be granted, where there is no error of law appearing" in the distribution report, "and no new evidence alleged"; and "should such review be granted where distribution has actually been made before the petition was presented?" Appellant's sole question, argued orally and in the paperbook, is the legality of the order to review.

It was a proceeding in the orphans' court controlled by the equitable principles that should guide a judge sitting as a chancellor in hearing and determining like matters: Whelen's App., 70 Pa. 410, 428; Carney v. Merchants' Union Trust Co., 252 Pa. 381, 385. It has statutory enactment for its authority. The Act of Oct. 13, 1840-1841, P. L. 1, permits such proceeding in the orphans' court where errors are alleged in the distribution or settlement of an estate within five years after final decree, provided the balance of the fund due shall not have been paid and discharged. But the power is inherent in the orphans' court to correct an erroneous decree independent of the Act of 1840: Young's App., 99 Pa. 74; Milne's App., 99 Pa. 483. The court may correct its records in the interest of justice, even to protect parties from their own mistakes and blunders, and where no rights have changed in consequence of the decree; this power of cor-

rection will be liberally exercised: Sloan's Est., 254 Pa. 346, 350.

At the first audit, the balance due, which was made up of stock in a company, was distributed in kind. It was duly assigned by the executor, handed to the trustee named to receive it, and given by him to the president of the company for transfer and the issuance of a new certificate. Complaint having been lodged against the transfer by the widow, it was returned to the trustee. Soon thereafter this petition for a review was presented and the stock, by agreement, deposited with an officer of the court to await the determination of the question here involved. The evidence shows that the widow understood her claims for $300 exemption and for $5,000 allowance, under the Act of 1909, were both being considered by the court in the first audit; and was not aware of anything to the contrary until some days thereafter. The executor, who advised her, having been called into the military service of the United States government, she was not represented by counsel at the first audit. There is not the slightest pretense that her claims were then considered by the auditing judge; and he expressly finds they were not. The property directed to be distributed was voluntarily surrendered, its character had not changed, the rights of third parties had not intervened, and no rights whatever were prejudiced by the action of the court. As the first decree of distribution was confirmed absolutely on December 8th, and the widow moved to have the audit reviewed in the following month, having meanwhile served notice on the company not to transfer the stock, she should not be found guilty of laches in her efforts to secure a readjudication. It was clearly a case which called for correction, otherwise a palpable wrong would have been done. The court below did not err in ordering the reaudit.

The decree is affirmed at the cost of the appellant.