# Northampton Improvement Association. Appeal of D. W. Nevin, Trustee.

*Courts—Records—Power to correct—Trustee to sell real estate—Failure to include all of property—Additional deed.*

Where a trustee who was ordered to sell all the real estate of a dissolved corporation, executed a deed which failed to include all the property, the court may, even after confirmation of such sale and delivery of the deed to the purchaser, make a new order directing trustee to comply with the original order of sale by executing a conveyance of the remainder of the real estate of the corporation.

Syllabus—Opinion of the Court.  [93 Pa. Superior Ct.

A court has power over its own decrees and may correct its records in the interest of justice even to protect parties from their own mistakes and blunders, where no rights have changed in consequence of the decree.

Argued December 5, 1927. Appeal No. 288, October T., 1927, by D. W. Nevin from judgment and decree of C. P., Northampton County, In re: Northampton Improvement Association Appeal of D. W. Nevin, Trustee. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule on trustee, appointed to sell real estate, to show cause why an order should not be made upon him to execute a deed to real estate omitted from the original deed. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. D. W. Nevin appealed.

*Error assigned* was the order of the court amending the original order of absolute confirmation.

*Smith & Paff,* for appellant.—The court cannot amend a final confirmation of a judicial sale of real estate: Gould v. Randall, 232 Pa. 612; Galbraith v. Galbraith, 4 Watts 112; Ullery v. Clark, 18 Pa. 148; Chappell's Estate, 264 Pa. 486; Betts v. Y. M. C. A., 88 Pa. Superior Ct. 568.

*Daniel B. Skillman,* of *Skillman & Smith,* and with him *H. J. Steele,* for appellee, cited: Vaughn v. Barkley, 6 Wharton 392.

OPINION BY GAWTHROP, J., March 2, 1928:

The Northampton Improvement Association was a domestic real estate corporation chartered February

10, 1885, for a period of twenty years. On April 11, 1885, it acquired a tract of land, composed of three smaller tracts separately described in the deed, having a frontage of ninety-three feet on the east side of Third Street in the City of Easton. The northmost sixty feet extended eastwardly two hundred forty feet to Sitgreaves Street. The southmost thirty-three feet of the land fronting on Third Street did not extend eastwardly to Sitgreaves Street, but extended one hundred forty-eight feet to a twelve foot wide private alley. The frontage on Sitgreaves Street was eighty-nine feet nine inches. The southmost twenty-nine feet nine inches of the land fronting on Sitgreaves Street extended westwardly fifty-three feet. The result was that the southern boundary of the entire tract was notched at a point one hundred forty-eight feet east of Third Street by the alley above mentioned and by the rear end of a lot fronting on Ferry Street to the south and belonging to John Bercaw. On February 28, 1888, the Northampton Improvement Association acquired from the widow of John Bercaw the rear or northern portion of her lot above mentioned (herein called tract No. 4) by a deed describing it as follows: "Beginning at a point on the southern line of the Easton Market House property owned by the Northampton Improvement Association, thence extending northward thirty-three feet six inches more or less, thence extending eastward twenty-seven feet more or less, thence southward to the southern line of the said Market House property thirty-three feet six inches more or less, thence westward twenty-seven feet more or less to the place of beginning. Bounded on the north and east by the Market House property, on the south by other land of John Bercaw and on the west by a private alley." After the Northampton Improvement Association bought tract No. 4, it extended its building across the same to the above mentioned

186   IN RE: NORTHAMPTON IMPROVEMENT ASS'N.

private alley. After the charter of the Northampton Improvement Association had expired by limitation on February 10, 1905, a petition drawn by D. W. Nevin, appellant, and signed by him and all the other stockholders of said association was presented to the court below on December 26, 1907, for the appointment of a trustee and for an order to sell the land above described and all the assets of the association to the Pomfret Realty Company. The real estate was described in the petition as follows: ''All that certain building and lot of land situated on the east side of Third Street in the City of Easton, Pa., containing ninety-three feet in front on said east side of Third Street and extending eastwardly two hundred and forty feet to Sitgreaves Street, bounded on the north by property of the late John Knecht, east by Sitgreaves Street, south by property of W. H. King, D. W. Nevin and Magee Bros., and west by South Third Street.'' Appellant herein was appointed trustee and after due and regular procedure the court made an order January 20, 1908, directing the trustee to sell the premises described in the petition to the Pomfret Realty Company, and on February 10, 1908, the deed was directed to be executed by the trustee and the sale was confirmed absolutely. This deed did not describe the land conveyed by the courses and distances given in the deeds to the Northampton Improvement Association, nor in accordance with the description set out in the petition, but described it so as to exclude a small strip of land about three feet in depth and twenty-seven feet in width constituting the northern portion of tract No. 4 conveyed by the deed of Mrs. Bercaw to the Northampton Improvement Association in 1888. On February 7, 1927, the Pomfret Realty Company filed a petition in the court below setting forth the above undisputed facts; and that subsequent to the delivery to it of the deed of Nevin, trustee, the latter,

as an individual, entered upon the parcel of land three feet wide and twenty-seven feet long and used it for the erection of part of a brick building thereon; that the said trustee has never conveyed said tract of land to the petitioner; that he and his grantees have occupied it down to the present time; and that the petitioner had no knowledge of the failure to convey it until November 22, 1922, when one of Nevin's grantees attempted to eject it from a part of the same. The prayer of the petition was for a rule upon Nevin, trustee, to show cause why he should not convey the real estate of the Northampton Improvement Association to the Pomfret Realty Company in accordance with the order of the court of January 20, 1908, with notice to the terre-tenants, Hochman and Folk. An answer was filed to this petition by Nevin, trustee, averring, inter alia, that the description in the deed from Mrs. Bercaw to the Northampton Improvement Association was incorrect and that it should not have included the tract three feet three inches in depth and twenty-seven feet in width above described; that the Northampton Improvement Association never acquired the right of possession, or the right of property and never had actual possession of it, but that Mrs. Bercaw and her successors in title have continued to occupy said strip of land down to the present time; that she conveyed the same to D. W. Nevin as an individual in 1907, and that the property is now owned by Hochman and Folk, in fee: that Nevin erected part of a brick building on the strip in dispute prior to the conveyance by him as trustee, to wit, in 1907; that because he knew that a mistake had been made in the description of tract No. 4 conveyed to the Northampton Improvement Association by Mrs. Bercaw, he purposely, but not fraudulently, failed to convey said three foot strip to the Pomfret Realty Company. Depositions were taken to establish the averments of the answer, the prin-

cipal witness being appellant. The evidence tends to prove that in the year 1888 the Northampton Improvement Association erected a building on Sitgreaves Street, the south side of the building extending eastwardly in a straight line to the private alley above mentioned, but not upon the strip in dispute, and that in 1907 Nevin erected a brick building on the land he purchased from Mrs. Bercaw and that this building extended northwardly to the wall of the building of the Northampton Improvement Association. The rule was made absolute and the trustee was directed to execute and deliver a deed to the petitioner for the land in dispute "in accordance with the original order of the court and this order." The trustee has appealed.

Counsel for appellant state the question to which they have addressed the principal part of their argument thus: "Can the court amend and modify a final and absolute confirmation of a judicial sale of real estate to the prejudice of the rights of innocent third parties, who purchased the adjoining property upon the strength and faith of the final decree, by directing a trustee for the sale of property to convey three feet additional belonging to and in the possession of the innocent adjoining owners, which was not included in the description for the sale of the premises under the decree of sale nor in the deed made thereunder?" For several reasons we cannot agree that the record presents to us any such question. In the first place the question is based upon the assumption that the land in dispute belongs to persons claiming title through Nevin as an individual and that these persons had the right to rely upon the final decree of confirmation of the sale by Nevin, trustee, and the description in the deed made thereunder as establishing the fact that the Northampton Improvement Association never had title to the three foot strip. It is clear that an examination

of the record title to the three foot strip at the time the present terre-tenants attempted to purchase it would have disclosed not only that it had been conveyed to the Northampton Improvement Association by Mrs. Bercaw, in 1888, but that the petition first above mentioned was for an order to sell all of the land of the Northampton Improvement Association which had at least a paper title to the three foot strip of land. It follows that an assertion that the decree results in the taking of land belonging to innocent adjoining owners has no foundation upon which to rest. As we view the case, the real question before us is simply this: When the court below made an order of sale of all of the real estate of the Northampton Improvement Association and appointed a trustee to execute such order and convey such real estate and the trustee executed and delivered a deed to the purchaser, which failed to include all of the real estate directed to be conveyed, and the deed was delivered and the sale was confirmed, may the court, in the circumstances here present, direct the trustee to comply with the original order of sale by executing a conveyance of the remainder of the real estate of the corporation? The learned president judge of the Common Pleas considered that question in a very exhaustive and satisfactory opinion which fully vindicates his action in making the decree appealed from. He said: "Can it be doubted that if the fact of this variance between what the deeds of the Northampton Improvement Association actually called for, and what the trustee actually conveyed had been brought to the attention of the court at the time, the order would have been to convey according to the actual descriptions of the deeds themselves? The petition set forth that the Pomfret Realty Company was to get all of the assets and all of the property of the Northampton Improvement Association, and it should have received them."

He made it clear that he was not deciding the question of title to the disputed strip of land, but took the action he did in order to afford the Pomfret Realty Company the means to enable it to assert its rights in a future action at law if it should desire to do so. It should be observed that the decree appealed from was made by the same judge who made the original order. The present order is in no manner inconsistent with the first order and we accept the judge's statement that he is now only requiring his appointee to do that which he should have done in the first instance. The record fully sustains this statement. Upon the principle that a court has power over its own decrees and may correct its records in the interest of justice even to protect parties from their own mistakes and blunders, where no rights have changed in consequence of the decree, the action of the court below was right. See Chappell's Estate, 264 Pa. 486; Young's Appeal, 99 Pa. 74; George's Appeal, 12 Pa. 260.

We have considered the other questions raised on behalf of appellant but in view of our conclusion upon the main question, we are of opinion that a discussion of them at this time would serve no useful purpose. We find no reversible error in the record.

The decree is affirmed.