PAGEL et al. v. PAGEL, ADMINISTRATOR, et al.

No. 526. Argued February 16, 1934.—Decided March 5, 1934.

*Mr. George L. Barnard*, with whom *Mr. L. D. Barnard* was on the brief, for petitioners.

*Mr. Charles A. Swenson* for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court:

This case presents the question whether war risk insurance money paid to the estate of an insured soldier is exempt from the claims of his creditors. Title 38, U.S. Code, contains the applicable statutes. They are: § 454: " The . . . insurance . . . shall not be subject to the claims of creditors of any person to whom an award is made "; § 511: " In order to give to every commissioned officer and enlisted man . . . protection for themselves and their dependents, the United States . . . shall grant . . . life insurance . . . payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law, or to any or all of them "; § 514: " . . . If the designated beneficiary . . . survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the

estate of the insured the present value of the monthly installments thereafter payable." ·

Jacob E. Hallbom, the insured soldier, obtained a ten thousand dollar policy and designated as beneficiary his father, Peter J. Hallbom. He died intestate October 20, 1925, leaving no spouse or child. He was survived by his father and others within the permitted class of beneficiaries. Thereupon, until the death of the father, February 22, 1928, the Bureau paid him the monthly installments according to the terms of the policy. He was survived by his wife, a son, a widow and child of a deceased son (who died after the death of the insured), daughters, and children of a deceased daughter. They were mother, brother, sisters, sister-in-law, nephews and nieces of the insured.

The Bureau paid Pagel, administrator of the estate of the insured, $9,116, being the value of the installments payable after the death of the designated beneficiary. The other assets in his hands were not sufficient to pay expenses of administration or the claims of creditors, which amounted to about $3,800. ·The probate court directed payment of such claims. The mother, Selma Hallbom, claiming under the War Risk Insurance Act to be entitled to the entire sum as beneficiary, appealed to the district court, which reversed the order of the probate court. The state supreme court affirmed. 179 Minn. 402; 229 N.W. 344. It held the money not subject to claims of creditors; that upon the death of the designated beneficiary the value of the unpaid installments became payable to the estate of the insured for distribution to such persons then living and within the permitted class of beneficiaries, § 511, as would be entitled to the personal property of the insured under Minnesota intestacy laws, and that such persons were entitled as beneficiaries and not as heirs.

Pending the application of the administrator for a writ of certiorari, the mother died and, after the granting of the writ, 282 U.S. 819, MacLean, who had been appointed special administrator of her estate, was here substituted as respondent. Her death having given rise to questions involving the rights of persons who were not parties, we vacated the judgment and remanded the case for further proceedings. 283 U.S. 266. The state supreme court remanded to the district court with the suggestion that the brothers and sisters of the insured be made parties. 183 Minn. 429; 237 N.W. 21.

The surviving brother and sisters appeared and claimed the insurance money as beneficiaries. The administrator of the deceased brother intervened as a creditor and prayed that his claim be paid out of the insurance money. The children of the deceased son and daughter became parties and prayed that, after payment of claims against the estate of the insured, the residue be distributed to the father and mother. The court held that, upon the death of the designated beneficiary, the insurance money became an asset of the estate of the insured and subject to the claims of creditors. It directed that the balance be distributed to the heirs in accordance with state law, and that heirship be determined as of the date of the death of the insured. The surviving brother and sisters and the special administrator of the mother appealed to the supreme court. That court, in view of *Singleton* v. *Cheek*, 284 U.S. 493, held its former decision erroneous and affirmed the judgment of the district court. 189 Minn. 383; 249 N.W. 417. We granted a writ of certiorari.*

---

* There is a conflict between decisions announced since our decision in *Singleton* v. *Cheek* (February 15, 1932), 284 U.S. 493. *Hunt* v. *Slagle* (July 29, 1932), 45 Ga. App. 470; 165 S.E. 287, holds in favor of the exemption. There is dictum to the same effect in *Mixon* v. *Mixon* (November 23, 1932), 203 N.C. 566; 166 S.E. 516. And see *Brown* v. *United States* (May 9, 1933), 65 F. (2d) 65.

In *Singleton* v. *Cheek, supra,* 496, we held that, when the insured and designated beneficiary die successively intestate, the commuted amount of the installments not accrued when the beneficiary dies is to be paid to the estate of the insured for distribution to his heirs and that the heirs are to be determined as of the time of his death in accordance with the laws of the state where he resided and are not limited to the class of beneficiaries designated by the Act. The question whether insurance money paid to the estate is subject to claims of creditors was not involved in that case. The purpose of the exemption, § 454, is to safeguard to the insured soldier and the beneficiary payments made under the policy to them or for their benefit. *Spicer* v. *Smith,* 288 U.S. 430, 434. Upon the death of the insured, the father whom he had designated as beneficiary was by the Bureau awarded monthly payments to continue until death. The language of the statute limits the exemption to " any person to whom an award is made." It is clear that the statute does not extend the exemption beyond the insured and beneficiary. And, as said by the state supreme court after referring to our decision in *Singleton* v. *Cheek,* " it cannot be held now that exemption of the fund survives both insured and beneficiary for benefit of the heirs of the former." 189 Minn. 383, 388.

*Affirmed.*