In re ·FOX'S ESTATE.

ABERDEEN NATIONAL BANK & TRUST CO., Respondent,
v,. GANNON, Appellant.

(255 N. W. 565.)

(File No. 7655. Opinion filed June 21, 1934.)

S. W. Clark, of Redfield, and Ira Curtiss, of Aberdeen, for Appellant.

Williamson, Smith & Williamson, of Aberdeen, for Respondent.

ROBERTS, P. J. Bert Fox, a soldier of the United States during the World War, applied for war risk insurance in the sum of $5,000, payable to his father, John A. Fox. Subsequently he submitted another application for insurance in the amount of $10,000, and there was issued to him a policy of insurance for that amount naming his mother, Nancy Fox, as beneficiary. The insured died in military service during the month of July, 1918. Thereafter the Veterans' Bureau awarded the mother $28.75 per month and the father an equal amount. The mother died in July, 1932, intestate. The Bureau then discovered that it had erroneously made an award to the father and that monthly installments of $57.50 should have been paid to the mother as the designated beneficiary.

The War Risk Insurance Act, as amended, title 38, U. S. Code, § 514 (38 USCA § 514), provides that "if no person within the permitted class be designated as beneficiary * * * by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award."

In Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419, 81 A. L. R. 923, the court considered the effect of the section quoted, and held that, when the insured and designated beneficiary die successively intestate, the commuted amount of the installments not accrued when the beneficiary dies is to be paid to the estate of the insured for distribution to his heirs, and that the heirs are to be determined as of the time of his death in accordance with the laws of the state where he resided and are not limited to the class of beneficiaries designated by the act. This section does not, however, take effect upon installments which have become payable before the beneficiary's death. They continue payable to the estate or representative of the person in whom the right to them has vested. Reivich v. U. S. (C. C. A. 6th) 25 F. (2d) 670.

The mother in her lifetime received the amount of $4,830, but in fact was entitled to $9,660. The commuted value of the policy was $3,746, which under the federal statutes was payable to the estate of the insured. The father was erroneously paid the sum of $4,858.75. The amount payable to the estate of the insured was applied by the Bureau to the payments erroneously made to the father, leaving a difference of $1,112.75. The latter amount was by the Bureau deducted from the sum of $4,830, which amount became payable to the beneficiary before her death, and the balance was paid to the appellant as the administrator of the estate of the mother.

The Aberdeen National Bank & Trust Company presented a claim against the estate. A hearing was had upon the claim before the county court, and an order was entered adjudging all the funds in the estate to be exempt under the federal statutes and not avail-

able to pay the claim in question. The bank appealed to the circuit court, wherein the judgment of the county court was reversed. Findings of fact and conclusions of law were made in favor of the claimant, and judgment was entered accordingly. The administrator has appealed to this court from such judgment and order denying motion for new trial. The adjustment of the Bureau was accepted and treated as valid, and the record before us presents the question whether war risk insurance money paid to the estate of a beneficiary is exempt from the claims of creditors.

It is provided by the War Risk Insurance Act, as amended, title 38, U. S. Code, § 454 (38 USCA § 454), that "the compensation, insurance, and maintenance and support allowance payable under Parts II, III (relating to insurance), and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."

The purpose of the exemption is to safeguard to the insured soldier and the beneficiary payments made under the policy to them or for their benefit. Spicer v. Smith, 288 U. S. 430, 53 S. Ct. 415, 77 L. Ed. 875, 84 A. L. R. 1525. The statute limits the exemption to "any person to whom an award is made." The decision of the Supreme Court of the United States in Pagel v. Pagel, 54 S. Ct. 497, 78 L. Ed. 921, holds that this statute does not extend the exemption beyond the insured and beneficiary. The question presented in that case was whether the commuted amount of war risk insurance paid to the estate of an insured soldier was exempt from claims of creditors. There is no provision in the statute to distinguish the exemption of war risk insurance money paid to the estate of a beneficiary from that paid to the estate of an insured soldier, and, for reasons stated in Pagel v. Pagel, supra, the exemption of the fund does not survive beyond the insured and beneficiary for the benefit of the heirs of the latter.

The judgment and order appealed from are affirmed.

All the Judges concur.