Husband's Estate.

Argued May 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Fred T. Ikeler,* with him *George H. McWherter, Carl E. Glock* and *Reed, Smith, Shaw & McClay,* for appellants.

*Fred B. Trescher,* with him *Charles J. Margiotti,* Attorney General, and *E. Russell Shockley,* Deputy Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., December 11, 1935:

Appellants presented a petition to the court below asking that a former decree of that court be opened, and that they be permitted to establish the actual amount realized from certain securities upon which the decree had fixed a transfer inheritance tax. The court below refused to open and review the case; whereupon this appeal was taken.

The history of the matter is as follows: F. M. Husband died in 1925 and a small transfer inheritance tax was paid upon his estate. In 1926 the commonwealth assessed an additional tax of $3,575.69 against the estate. The additional assessment was based upon the theory that the decedent had established a trust with certain securities of his own and had retained the enjoyment of the income therefrom for his life, thereby making the securities taxable under that portion of the Act of June 20, 1919, P. L. 521, Art. I, Sec. 1, Par. (c), which levies a tax upon transfers of property "intended to take effect in possession or enjoyment at or after [the death of the transferror]." The administratrix then took an appeal to the Orphans' Court from the assessment, but did not press the case to hearing until 1933. The court below held that certain securities should not have been included in the appraisement as they had in fact belonged, not to the decedent, but to his children prior to the creation of the trust; but sus-

tained the assessment as to the remainder of the trust fund. It accordingly fixed the tax due at $2,772.07, with interest thereon at the rate of 1% a month, the interest to begin a year after the death of the decedent. Upon the appeal from the assessment, no evidence was submitted for the purpose of showing the amount actually realized from the securities taxed.

The commonwealth, as well as the trustee and administratrix, appealed to the Supreme Court from the decision of the Orphans' Court. The commonwealth urged that all of the securities in question were taxable; while the representatives of the estate contended that no part of the trust estate was taxable, and that in any event the court below erred in assessing interest at the rate of 1% a month. The Supreme Court (Husband's Estate, 316 Pa. 361, 175 A. 503) affirmed the decree generally, but modified it, inter alia, to the extent of reducing the interest to a rate of 6% per annum. The modification was based upon the conclusion that the settlement of the estate had been unavoidably delayed by litigation to determine the question of liability for the tax, and that interest at the full penalty rate prescribed by the statute should not be imposed. (The applicable provision is quoted in the footnote.*)

---

* The Act of June 20, 1919, P. L. 521, Article IV, Section 38, provides:

"If the tax is paid within three months after the death of the decedent, a discount of five per centum shall be allowed. If the tax is not paid at the end of one year from the death of the decedent, interest shall be charged at the rate of twelve per centum per annum on such tax. Where, because of claims made upon the estate, litigation, or other unavoidable cause of delay, the estate of any decedent or any part thereof cannot be settled up at the end of the year, interest at the rate of six per centum per annum shall be charged upon the tax arising from the unsettled part thereof, from the end of such year until there be default. Where real or personal estate withheld by reason of litigation or other cause of delay, in manner aforesaid, from

Following this decision by the Supreme Court, appellants filed the petition, the refusal of which is the basis for this appeal, averring in that petition that certain of the securities had been productive only to the extent of 1.35% and others to the extent of 3.75%.

We are of opinion that the court below was justified in dismissing the petition. It was asked to reopen the case upon the theory that the Orphans' Court may grant a review of its decree as a matter of equity to prevent injustice to the parties and to allow errors or omissions to be corrected. It is true that the courts have justifiably exercised this power to protect themselves from their own mistakes or to correct errors appearing upon the face of a decree or adjudication: Bailey's Estate, 208 Pa. 594, 57 A. 1095; Sloan's Estate, 254 Pa. 346, 98 A. 966; Chappell's Estate, 264 Pa. 486, 107 A. 846; Given's Estate, 292 Pa. 483, 141 A. 296. The present case, however, does not fall within that classification. It does not present a situation in which a credit was not taken in an account or in which certain claims had not been brought to the attention of the court, and where those items could be adjusted without injustice to the parties concerned. The original proceeding was one to contest the assessment of a tax. It was a formal proceeding, in which the issues were clearly defined and testimony presented to the court. The issues necessarily involved not only the determination of the principal amount of the tax, but also of the amount of interest due thereon. Appellants must have known that if a tax was assessed against the estate, it would in any event carry interest at the rate

the parties entitled thereto, subject to such tax, has not been productive to the extent of six per centum per annum, the proper parties shall not pay a greater amount as interest to the Commonwealth than they have realized or shall realize from such estate during the time the same has been or shall be withheld as aforesaid."

of 6%, unless they produced evidence to show a lower actual return. They must necessarily have had the evidence of the amount actually realized in their possession at the time of the earlier hearing, and no allegation is made to the contrary.

Appellants answer this by saying that they did not produce this material evidence at that time because it was their contention that no tax was due at all—in which case, of course, no interest would be due. This, however, merely means that appellants elected to gamble upon complete success in the proceedings. It is true that no interest would have been due if no tax was due, but it is also true that interest inevitably would be payable upon any tax liability; it was the business of appellants to anticipate that such a liability might be imposed. Litigation inevitably produces numerous situations in which certain evidence may eventually become immaterial. If, however, a decree is possible which would be affected by certain evidence, then it is the duty of the party concerned to protect himself by presenting that evidence. If appellants desired to establish that the taxable securities in fact earned less than 6%, the burden was clearly upon them to do so; and the commonwealth was entitled to have the matter put at rest in one hearing, instead of two.

Furthermore, the record seems to indicate that the question was presented to, and considered by, the Supreme Court. In appellants' brief in that court, the statement is made that the fund had not been productive to the extent of 6% per annum, and the court was specifically requested, in the event of an unfavorable decision, to remit the record to the Orphans' Court to determine the amount of yield actually realized. In discussing the question raised as to the proper rate of interest, Mr. Justice MAXEY, after referring to the provisions of the statute, said: "In the court below the administratrix offered no evidence on which there could

90

be based any finding as to the actual earnings of the trust assets during the interest period. This burden rested upon the taxpayer."

If this statement was not directly intended to mean that such burden of proof necessarily was to be assumed at the initial hearing, it at any event shows that the Supreme Court was cognizant of the alleged facts and of appellants' request. Its decree, however, did not remit the case to the lower court for further consideration. Since the request was presented to the Supreme Court, and since it was not granted, it is to be assumed that that court acted unfavorably upon it. If appellants were dissatisfied with that disposition of their request, it was manifestly their duty to apply to the Supreme Court for a modification of its own decree, rather than to seek an independent review. In our opinion, the court below committed no error in refusing a review of the adjudication and the single assignment of error is accordingly dismissed.

Decree affirmed at costs of appellants.