## Super Estate

*M. Louise Rutherford,* special counsel for Departments of Justice and Revenue, and *Charles F. Nahill,* Special Assistant Attorney General, for Commonwealth.

*Russell C. Gourley,* for accountant and for guardian of beneficiary.

BURKE, J., February 17, 1967.—The question posed by exceptant to the adjudication of the learned auditing judge is founded on a claim by the Commonwealth to assess an inheritance tax on a portion of decedent's estate which was derived from the proceeds of a National Service Life Insurance Policy, issued by the United States Veterans Administration and popularly characterized as war risk insurance.

Decedent died on April 17, 1965, intestate, leaving his mother, Anna Super, an incompetent, as his sole heir-at-law. The proceeds of his insurance constituted the major portion of the estate. The auditing judge dismissed the tax claim as to that part of the insurance proceeds passing freely to the beneficiary. The

remaining part was awarded to a creditor of the beneficiary.

The Commonwealth claim is founded on the passage of the Pennsylvania Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 304, 72 PS §2484-304. It relies on the text of the act, which provides:

"Section 304. War Risk Insurance.—All proceeds of any Federal War Risk Insurance, National Service Life Insurance or similar governmental insurance, unless payable to the estate of the decedent, are exempt from inheritance tax".

The Commonwealth's position is that said statute, for inheritance tax purposes, equated this policy with other insurance policies in which the proceeds are payable to the insured's estate. This policy was destroyed at the time of payment, and a printed form thereof was supplied by the Veterans' Administration. Both counsel joined in a stipulation that the subject policy was written on the same form as submitted by the Veterans' Administration.

Exceptant places great reliance on United States Trust Co. v. Helvering, 307 U. S. 57 (1939). In the cited case, the Supreme Court rejected the exemption from the payment of Federal estate taxes.

The U. S. Trust Company case followed Pagel v. Pagel, 291 U. S. 473 (1934), which held that war risk policies were not exempt from the claims of creditors under the World War Veterans' Act of June 7, 1924, §454, 43 Stat. 607, 613 (1924). The opinion in Pagel said: "The language of the statute [§454] limits the exemption to 'any person to whom an award is made' ".

On August 12, 1935, section 454 was repealed, and section 454a, 49 Stat. 609 (1935), was adopted by Congress. The amendment was interpreted by the Code of Federal Regulations as meaning:

"The proceeds of a United States Government life

insurance policy shall not be subject to the claims of creditors of the insured or creditors of any beneficiary to whom the proceeds may be awarded. . . ."

Beall Estate, 384 Pa. 14, 20 (1956), recites that since the amendment [§454a], no cases (up to January 3, 1956) have been decided by the Supreme Court of the United States. A 1946 amendment made no change in the exemption given to the beneficiaries of a deceased veteran. The sole qualification to the full payment on a veteran's policy is the right of the Veterans' Administration to set off from the proceeds any overpayment of benefits to the veteran.

In Beall Estate, the court quoted with approval from Tax Commission of Ohio v. Rife, 119 Ohio 83, 162 N. E. 390, which said:

"The [Federal] exemption from taxation must dominate over the succession tax statutes of Ohio".

While it is true that Beall was decided prior to the passage of the Pennsylvania Estate and Inheritance Tax Act of 1961, it nevertheless sets forth the governing principles applicable to the right of a State to tax the proceeds of a National Service Life Insurance policy. Exceptant supplied no contrary authority.

As noted hereinabove, the Federal law proscribes any invasion of the proceeds of an insurance policy by a creditor of the veteran or a creditor of a beneficiary. In the present case, the account and schedule of distribution show that part of the insurance proceeds were paid by the administrator to a creditor of the beneficiary. However, we have no concern with it, as no objections to such payment were filed by the Commonwealth or by the guardian of the beneficiary.

We are constrained by the conclusions reached in Beall Estate, supra, even though it preceded the enactment of the Pennsylvania Estate and Inheritance Tax Act. The Federal law on this question has not been materially changed since 1940.

For the foregoing reasons, the exceptions filed by the Commonwealth are dismissed, and the adjudication is confirmed absolutely.