SHAW, P. J.
 

 Plaintiff obtained in this action a judgment against defendant, which remains unsatisfied. On proceedings supplementary to execution an order was made directing the defendant to deposit with the marshal of the municipal court the sum of $300 “to abide the further proceedings in this case”. This the defendant did, and thereupon he pre
 
 *Supp. 760
 
 sented to the marshal a claim that this money was exempt from execution, and also addressed to the court a motion for an order establishing it as exempt. The court made an order granting this motion, from which plaintiff has taken the present appeal.
 

 In support of his motion defendant filed an affidavit which was not contradicted and from which it appears that defendant is a veteran of the World War and as such had held an adjusted service certificate for which he obtained “adjusted compensation bonds”, as he called them; that in payment of said bonds he received the money in question; and that at all times he had kept this money in a separate and distinct fund not mingled with any other funds belonging to him.
 

 Adjusted service certificates were issued under the provisions of the Federal Statute of May 19, 1924, designated as the “World War Adjusted Compensation Act”, now also known as chapter 11 of title 38 of the United States Code. This act provided for the issuance to a veteran of an adjusted service certificate, to be paid to him at a time so limited that it could not be earlier than January 1, 1945, or to his beneficiary upon his death. The issuance of bonds was provided for by a later act of January 27, 1936, designated as “Adjusted Compensation Payment Act, 1936”, and also known as chapter 11A, title 38, of the United States Code. That act declared that the adjusted service certificates issued under the former act “are hereby declared to be immediately payable”, and that payment should be made “upon surrender of the certificates and all rights thereunder” (sec. 1; sec. 686, chap. 11 A, title 38, U. S. Code) in $50 bonds, with a cash adjustment for odd amounts. These bonds were to mature June 15, 1945, but were redeemable, at the veteran’s option, at any time prior to that date. (Sec. 4; sec. 686c, chap. 11 A, title 38, U. S. Code.)
 

 Several federal statutes are cited to us in support of the exemption of the proceeds of defendant’s bonds, but we deem it necessary to consider only one of them, Public Statute No. 262 of the 74th Congress, approved August 12, 1935. That act deals with several allied subjects. It amends section 21 of the World War Veterans’ Act, 1924 (sec. 450, chap. 10, title 38, U. S. Code), to provide for payment of adjusted compensation, pensions, insurance, and other items to minors and incompetents (sec. 1); it makes provision, but not by
 
 *Supp. 761
 
 way of amendment, regarding embezzlements by guardians and others in like fiduciary positions (sec. 2), and it repeals section 22 of the World War Veterans’ Act, 1924 (sec. 454, chap. 10, title 38, U. S. Code), which provided for the exemption from creditors’ claims and from taxation of “The compensation, insurance, and maintenance and support allowance payable under Parts I, III, and IV respectively” of chapter 10, above cited, in which that section appeared (sec. 3). It also provides, in section 3, as follows: “Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.” This quoted provision is now included in section 454a, chapter 10, title 38, United States Code.
 

 Appellant dismisses this statute with the curt statement that it applies to the children, widows and estates of the veterans rather than to the veterans themselves. The argument is not persuasive. On the contrary, we think the provision above quoted from the statute creates an exemption of the proceeds of the defendant’s bonds above mentioned. As the United States Supreme Court said in
 
 Lawrence
 
 v.
 
 Shaw,
 
 (1937) 300 U. S. 245 [57 Sup. Ct. 443, 81 L. Ed. 623, 108 A. L. R. 1102], this provision is a substitute for section 22 of the World War Veterans’ Act, 1924, which is repealed by the statute now under consideration. While in some respects this new provision does not change the import of the section repealed
 
 (Lawrence
 
 v.
 
 Shaw, supra),
 
 the declaration to this effect made in the case cited was directed to the nature and duration of the exemption, not to the laws to the benefits of which it might be applicable. On the latter point the new provision manifestly differs from that repealed. The phrase, “any of the laws relating to veterans”, in the new law, is of very broad import, and when it is contrasted with the much narrower reference contained in the section repealed, a clear intent to extend the scope of the reference appears. The language used in the new provision is certainly broad enough to comprehend the law under which the bonds were issued and paid to veterans, including the defendant. The term “beneficiary”, when applied to the laws referred to,
 
 *Supp. 762
 
 would, in the absence of any limiting context, include the veterans themselves with whom these laws are concerned and for whom benefits are thereby provided, and the benefits so provided are clearly “benefits due or to become due” under such laws. We find here no context limiting the scope of any of these provisions. Other parts of the new statute are plainly applicable to veterans themselves as well as other possible beneficiaries, and the same is true of the repealed section for which this new provision is substituted. Finally, the words “either before or after receipt by the beneficiary” put an end to all arguments, such as have been made under other similar exemption statutes, on the question whether the exemption continues to cover money paid to the veteran after he has received it. Plainly, it does, under this statute, so long at least as the money is retained by the veteran or held for him by some depositary.
 

 If authority is needed for the last-stated proposition besides the terms of the statute, it may be found in the decision of the United States Supreme Court in
 
 Lawrence
 
 v.
 
 Shaw, supra
 
 (1937) 81 L. Ed. 623, where the exemption from taxation created by this very statute was involved, and the court held that money paid to a veteran’s guardian under one of the veterans’ acts (not the proceeds of bonds) remained exempt not only while the guardian held it in specie but also while it was on deposit in a bank, the court saying, “We cannot conceive that it was the intent of Congress that the veteran should lose the benefit of this immunity, which would attach to the money in his hands, by depositing the government warrants or checks in bank to be collected and credited in the usual manner. ... In order to carry out the intent of the statute, the avails of the government warrants or checks must be deemed exempt until they are expended or invested.” The exemption from levy and seizure is created by substantially the same operative words in the statute as the exemption from taxation, and its construction must be the same.
 

 The decision in
 
 Lawrence
 
 v.
 
 Shaw, supra,
 
 must also be regarded as disposing of any question that may be raised as to the power of Congress so to extend the operation of the exemption. Such extension was there applied to the exemption from taxation, in the face of a contrary decision by the state Supreme Court, from which the case came. While nothing was directly said in that decision on the question of
 
 *Supp. 763
 
 power, yet had there been any question in the minds of the Supreme Court as to the existence of the power, it is not likely that they would have construed and applied the statute as they did without at least mentioning the question. Exemptions from taxation are no more favored than exemptions from execution, and if Congress may extend the exemption as it has done here in the former case, undoubtedly it may in the latter also.
 

 The exemption applies here, although the statute providing for it was passed before the statute authorizing the bonds and their payment. While section 5 of Public Statute No. 262 gives the provisions of that statute retroactive application to payments already made, there is nothing in it or elsewhere in the statute to limit the scope of the provision above quoted from section 3 to statutes already in existence. That provision purports to be a general provision declaring a rule for the future and establishing an exemption of benefits due
 
 or to become due
 
 under
 
 any
 
 of the laws relating to veterans, and one of the purposes in using such unlimited language hi it may well have been to obviate the necessity of placing specific exemption provisions in any such law passed in the future, as had been done in all previous laws, of that kind.
 

 The order granting defendant’s motion for exemption of property from execution is affirmed, respondent to recover his costs of appeal.
 

 Schauer, J., and Shinn, J.,
 
 pro tern.,
 
 concurred.