## HALEY v. UNITED STATES.
### No. 199.

District Court, D. Montana.
Aug. 21, 1942.

John W. Mahan, of Helena, Mont., for plaintiff.

Francis J. McGan and John B. Tansil, U. S. Atty., both of Butte, Mont., for defendant.

PRAY, District Judge.

This is an action on a contract of War Risk Insurance issued to George Salter, a soldier of the United States in the World War of 1918, and brought by the administrator of his estate to recover certain amounts therein named to pay creditors' claims, attorney's fees and costs of administration, which had been allowed by the state district court of Silver Bow County, Montana.

One of the claims in the sum of $1,495.83 filed in the state court was that of Hilma Nicholson, as administratrix of the estate of Mary Johnson, deceased, which was allowed for $748.00. Another claim in the sum of $2,528.00 was filed by Ella May Stanton Wood and allowed by the said court for $1,000.00. Plaintiff alleges there was no money in the estate. The state court allowed expenditures of the administrator in the sum of $1,408.81, his fees of $500.00, and those of his attorney for $750.-00. Interest on said claims was also allowed in the sum of $847.78, and the total sum found to be due from the estate of said George Salter, as allowed by the state court, amounted to $4,004.59. This soldier was granted War Risk Insurance in the sum of $10,000.00 in May, 1918, and premiums were paid by deductions from his monthly pay; the insured died October 4th, 1918, while his insurance was in full force and effect. One of the creditors, Ella May Stanton Wood, made a demand on the Veterans' Bureau for insurance benefits which was denied January 19th, 1937. Plaintiff claims that, as administrator, he is entitled to the payment of the total sum above named out of the benefits of the War Risk Insurance policy on the death of the insured.

The answer to the amended complaint admits the induction of the insured into the army April 25, 1918; his service until the 4th of October, 1918, when he was killed in action; the granting on May 6, 1918, of a contract of yearly renewable term insurance, and that his insurance was in full force and effect at the time of his death; that in his application for insurance he named himself as beneficiary, and that he left no heirs or next of kin, who would be entitled to distribution of his estate under the laws of the State of Montana. All other allegations of the complaint were denied. As a second defense the answer presented a motion to dismiss the case on the ground that the amended complaint failed to state facts sufficient to constitute a claim against the defendant upon which relief could be granted. The case was tried to the court without a jury and submitted on briefs.

It appears from exhibits attached to the amended complaint that the claim of Hilma Nicholson as administratrix of the estate of Mary Johnson, deceased, was a charge for ten months' board and lodging, laundry, etc., from June 1st, 1917, to May 1st, 1918, at the rate of $75.00 per month; there was also an interest charge of $745.-83. As alleged this claim was allowed for $748.00 June 4th, 1932 by the state court. The claim of Ella May Stanton Wood for $2528.00 consisted of a loan of $300.00 and an interest charge of $332.00; also an additional charge of $900.00 for nursing and care of George Salter for 180 days at $5.00 per day between February 1, 1917, and October, 1917, with an interest charge thereon amounting to $996.00. This claim was allowed by the state court for $1,000.00 June 4th, 1932. On March 16th, 1940, the Judge of the District Court, Second Judicial District of the State of Montana in and for Silver Bow County, wherein the estate was being administered, entered an order, allowing report, settling account, allowing administrator's and attorney's fees, claims of the two creditors, costs and charges of administration, in the sums aforesaid and as shown in the exhibit. The petition for the above order, allowance of claims and settlement of account, recites that "notice was given at least ten days before the day of said hearing, by mailing a copy of said notice of hearing to John B. Tansil, United States Attorney for the District of Montana, Butte, Montana", but it appears from the evidence that this notice to the United States Attorney required him to appear on March 2nd, 1940, and that no hearing was

held on that date, and that he received no further notice.

At one time, back in 1930, Ella May Stanton, as administratrix of the soldier's estate, commenced an action against the United States, in the above named federal court, Helena Division, to recover monthly benefits of the said insurance policy for the estate from date of death. In 1933 an amended complaint was filed in which John Salter and Peter Salter were introduced and alleged to be brothers of deceased, the state court for Silver Bow County having theretofore entered a decree of heirship to that effect, and having held that they were the only heirs at law of said deceased and entitled to inherit all of his estate; copy of this decree was attached as an exhibit to the amended complaint, to which Judge Bourquin sustained a demurrer, holding that: "no matter what the effect of the state probate decree between those notified and required to appear, it is horn-book law that the United States is never required to submit to any court save as some of its statutes provide; and since none of its statutes require it to appear in said state court, the consequence is that so far as it is concerned the decree of heirship is so much waste paper. There must be due allegation of heirship and of course due proof at trial."

In 1933 and 1934, other amended complaints were filed, the last one substituting John R. Haley as administrator in place of Ella May Stanton Wood who had resigned, and alleging that the Probate Court had determined by decree that John Salter and Peter Salter were the brothers and only heirs of said deceased, and attached thereto was a certified copy of the Probate Court proceedings. A demurrer to the foregoing amended complaint was sustained on the ground that it failed to state facts sufficient to constitute a cause of action, and further that the same was uncertain in jurisdictional allegations of demand and denial; on February 4th, 1936, a motion to dismiss for failure to amend was granted.

The defendant objected to the admission in evidence of matters relating to the claims of creditors, allowance of report, settling of account, orders, allowance of fees of administrator and attorney by the state court of Silver Bow County. Plaintiff objected to the introduction of the Judgment Roll in case No. 1429 which was the case in which Judge Bourquin made the ruling above quoted in sustaining the demurrer.

The complaint in the first action and the original complaint in this action alleged that John and Peter Salter were brothers of the deceased, and if Judge Bourquin had accepted the proof of heirship made and allowed in the state court to that effect, the insurance money would have been paid out to the administrator for the benefit of these alleged brothers, who, as was afterwards established by the F. B. I. were of no relation to the deceased. If Judge Bourquin's ruling was correct in respect to proof of heirship in the state court, it would seem to follow according to his application of the rule that his decision would have been exactly the same had the creditors' claims and administration charges been before him on the same kind of proof made in the state court.

■■■■■ Counsel contend that under the rule of law established in our own circuit in Hardy v. North Butte Mining Co., 9 Cir., 22 F.2d 62, and in Carnegie Nat. Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569, this court is bound by Judge Bourquin's decision heretofore quoted; that the same parties, or their successors, are present in this case; the same insurance policy; the same kind of proof, made in the state court, is offered here as an exhibit attached to the complaint, and that substantially the same record and questions are now before the same court with the same relief being sought. Whether this court is bound by Judge Bourquin's ruling or not, the claims of creditors and allowances made in the state court have not been established by competent proof in this court, and for that reason it would seem that the rule invoked by Judge Bourquin, which this court believes to be the correct rule, should apply in this case, and that the motion to reject such evidence should be sustained. Such a ruling at this point would end the case, but there is another important question which has been extensively dealt with by counsel in briefs and oral argument, which the court believes should also be considered, and that is whether the claims of creditors, expenses and charges of administration incurred in the state court, could be recovered from the contract of insurance of said soldier with the government. In considering this further issue it may be assumed that the required allegations have been made and established by competent evidence in this

court. It is admitted that the insured died intestate, leaving no heirs surviving him, and that the plaintiff seeks only an award of so much of the insurance money as would be sufficient to pay the alleged debts of the insured and the costs and charges of administration in the amount aforesaid. Under the state of facts here and the law applicable it would seem that the insurance would not be payable, and that it would escheat to the United States under Title 38 U.S.C.A. §§ 451 and 514, but in that connection another issue should be considered and that is whether the insurance money would be exempt from the claims of creditors under Title 38 U.S.C.A. §§ 454 and 454a.

The Supreme Court held in Pagel et al. v. Pagel et al., 291 U.S. 473, 54 S.Ct. 497, 498, 78 L.Ed. 921, under Section 454, that "It is clear that the statute does not extend the exemption beyond the insured and beneficiary." In that case an award had been made to the estate of the insured and there were heirs who would inherit the insurance money. The question there for determination was whether the creditors of insured could be paid out of the insurance money or whether the exemption provided in Section 454 would survive the insured for the benefit of his heirs. Under the facts in that case the court decided that the insurance money held by the Administrator was subject to the claims of the creditors. But it further appears that section 454, which was the basis of that decision, was repealed at the next session of Congress and a broader statute enacted in its place, known as section 454a, which reads as follows: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *" It will be noted that the new statute so changed the law under which the Pagel case was decided as to exempt payments made on account of a beneficiary under any of the laws relating to veterans. The insurance in this case was taken out by the veteran and payable to himself as beneficiary, and therefore any payments that might be made would have to be made on account of the beneficiary, and under the altered provisions of the statute such payments are declared to be exempt. Counsel for the government states that his research has not disclosed any case wherein this new statute has been the subject of judicial comment by any federal court, and this court thus far has found none. However, there are two cases from the state courts construing section 454a, and one of them seems to be an important and well reasoned decision, and is known as In re McCormick's Estate, 169 Misc. 672, 8 N.Y.S.2d 179. In this case the court held that the insurance money in the hands of the administrator of a veteran's estate is not subject to the claims of creditors under the new or amended statute; that the manifest intention of Congress in changing the law was to extend the exemption not only to the soldier himself but to his estate as well; that any payment of insurance benefits to his estate would be made on account of the insured. Counsel for plaintiff cited Brown v. United States, 9 Cir., 65 F.2d 65, as determinative of the instant case, but it clearly appears from a perusal of that authority that the two cases are entirely different in respect to the issues involved.

The reply of government counsel to that claim seems to dispose of the argument completely. The decision in the Brown case made no reference to Section 454, was decided before the enactment of 454a, or the amendment thereto of October, 1940. It held that the probate of the nuncupative will of the deceased soldier was lawful, but no question was raised or decided there as to whether the proceeds of the insurance policy were exempt from the claims of creditors. The other case cited by counsel refers to a dictum to the effect that Section 454a creates an exemption of proceeds in favor of "Veterans, their children, widows and estates." Culp v. Webster, 25 Cal.App.2d Supp. 759, 70 P.2d 273, 275.

After a careful consideration of this voluminous record, arguments of counsel, briefs and authorities, the court has been unable to find ground for agreement with plaintiff's contentions. The court has already practically held that the rule established by Judge Bourquin is the correct rule of law to apply in this case, but if this court had held otherwise it would seem that a favorable result for plaintiff could not be attained in view of the provisions

of Section 454a and in either event, the motion to dismiss would have to be granted.

Consequently, in the opinion of the court, the defenses interposed by counsel for the government should be sustained, as above indicated, and it is so ordered, with costs to the defendant.