## BARTON v. UNITED STATES et al.

### No. 5527–WM.

District Court, S. D. California,
Central Division.

Feb. 5, 1948.

---

704

William E. MacFaden, of Redondo Beach, Cal. for plaintiff.

James M. Carter, U. S. Atty., and Robert Komins, Asst. U. S. Atty., both of Los Angeles, Cal., and Francis J. McGan, Atty., Dept. of Justice, of Butte, Mont., for defendant United States.

Meserve, Mumper & Hughes and Leo E. Anderson, all of Los Angeles, Cal. for defendants Ella Moran Barton Ferris and Donald R. Barton.

MATHES, District Judge.

Plaintiff sues for a portion of the death benefits payable under a policy issued to her deceased husband pursuant to the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. §§ 801–818.

Defendants are the insured's mother, Ella Moran Barton Ferris, who claims the entire proceeds as first beneficiary designated in the policy; the insured's brother, Donald R. Barton, who is contingent beneficiary; and the United States, as insurer.

Consent to sue the Government is granted, and jurisdiction of this court is conferred by 38 U.S.C.A. § 817, which incorporates by reference applicable provisions, [38 U.S.C.A. §§ 445, 551] of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. §§ 421–576.

Answers to plaintiff's complaint were filed, and at pre-trial hearing all parties joined in a stipulation as to the facts. Defendants thereupon moved for summary judgment.

The following facts are stipulated. On July 3, 1943, the insured enlisted in the naval service of the United States. He thereafter applied for service life insurance, and the $10,000 policy involved here was issued to him effective July 9, 1943. The insured designated his mother as first beneficiary and his brother as contingent beneficiary. They are so named in the policy.

On September 20, 1944, plaintiff and the insured were married at Oakland, California. No attempt was made following marriage to effect a change of beneficiary. [See 38 U.S.C.A. § 802(g).] All premiums were paid by authorized monthly deductions from service pay, [38 U.S.C.A. § 802(m).]

The insured continued in the naval service until he was killed on active duty by enemy action on April 2, 1945. At the time of marriage and at all times thereafter until the insured's death, he and plaintiff were residents of California.

On October 23, 1945, plaintiff filed with the Administrator of Veterans' Affairs claim to a share of her deceased husband's service insurance. The basis of plaintiff's claim is that since the insured's service pay subsequent to marriage was community property under California law, the proceeds of his service insurance constitute community property in that proportion (approximately 30%) which the total premiums paid from community funds bear to all premiums paid on the policy; and that plaintiff, as successor to the community property, is entitled to such portion of the proceeds, notwithstanding provision in the policy that the insured's mother is entitled to all.

The Administrator denied plaintiff's claim as widow and awarded all proceeds of the policy to the insured's mother as named beneficiary. Resulting "disagreement as to any claim" gave rise to this suit, [38 U.S. C.A. §§ 817, 445c.]

The insurance contract, as set forth in the Act, is solely between the Government and the insured. "The only relations of contract were between the Government and him." [White v. United States, 1926, 270 U.S. 175, 180, 46 S.Ct 274, 275, 70 L.Ed. 530; Von Der Lippi-Lipski v. United States, 55 App.D.C. 202, 4 F.2d 168.] Plaintiff admittedly is not a beneficiary within the language of that contract [See United States v. Sterling, 2 Cir., 1926, 12 F.2d 921].

So any right of plaintiff to share in the proceeds must rest solely upon the claimed supervention here of California's community property law. [Cf. Cassarello v. United States, D.C., 271 F. 486, 488, affirmed, 3 Cir., 1922, 279 F. 396.] If state law controls, plaintiff's claim is sound to the extent of one-half of that portion of the proceeds

paid for with community funds. [Travelers' Ins. Co. v. Fancher, 1933, 219 Cal. 351, 26 P.2d 482.]

■ Whether state law can control disposition of proceeds of policies issued pursuant to the National Life Insurance Act of 1940, 38 U.S.C.A. §§ 801–818, depends upon the intent of Congress; for it is clear that the Act, being a constitutional exercise of powers granted to Congress, [U.S.Const. Art. I, § 8, cls. 1, 13,] is "Supreme Law of the Land" [Id. Art. VI, cl. 2,] if Congress so willed. [Mayo v. United States, 1943, 319 U.S. 441, 445, 63 S.Ct. 1137, 87 L.Ed. 1504, 147 A.L.R. 761; Prigg v. Pennsylvania, 1842, 16 Pet. 539, 617, 41 U.S. 539, 617, 10 L.Ed. 1060; cf. Pierrard et ux. v. Hoch, 1920, 97 Or. 71, 184 P. 494, 191 P. 328.]

The Act provides: "The insurance shall be payable only to a widow, widower, child, parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946." [38 U.S.C.A. § 802(g).]

The policy at bar matured prior to August 1, 1946, hence was subject to the "restricted permitted class of beneficiaries." Section 802(h) contains comprehensive provisions as to the manner in which the proceeds shall be paid in installments to beneficiaries designated by the insured, if living; and as to whom shall be paid "any installments certain of insurance remaining unpaid at the death of any beneficiary."

Section 802(i) provides as to policies maturing prior to August 1, 1946, that "The right of any beneficiary to payment of any installments shall be conditioned upon his or her being alive to receive such payments. No person shall have a vested right to any

* * * such insurance * * *." While § 802(j) declares that "No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary * * *." [See also 38 U.S.C.A. §§ 802(x) and 808.]

The cited provisions are persuasive that it was the purpose of Congress to provide in all details for the issuance and administration and settlement of service life insurance on a national basis, as the title of the Act implies. [James Stewart & Co. v. Sadrakula, 1940, 309 U.S. 94, 103, 104, 60 S.Ct. 431, 84 L.Ed. 596, 127 A.L.R. 821; New York Central R.R. Co. v. Winfield, 1917, 244 U.S. 147, 153, 37 S.Ct. 546, 61 L.Ed. 1045, L.R.A. 1918C, 439, Ann.Cas.1917D, 1139; United States v. Fuller, 5 Cir., 1938, 97 F.2d 541, 542.]

This view finds added support in § 816, [See 38 U.S.C.A. § 454a,] which directs that "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

■ Federal control of title to the proceeds of service insurance, both before and after payment by the Government, has been consistently recognized and enforced. [Lawrence v. Shaw, 1937, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623, 108 A.L.R. 1102; Pagel v. Pagel, 1934, 291 U.S. 473, 54 S.Ct. 497, 78 L.Ed. 921; Lewis v. United States, 3 Cir., 1932, 56 F.2d 563, 564; Culp v. Webster, 1937, 25 Cal.App.Supp.2d 759, 70 P.2d 273.]

Congressional purpose to secure nationwide uniformity is further manifested in § 817, which confers jurisdiction upon the federal courts "to hear and determine all * * * controversies" which may become the subject of suit "in the event of disagreement as to claims" under any policy issued pursuant to the Act [38 U.S.C.A. §§ 445, 551.]

■ It is settled that "the authority of state laws or their administration may not interfere with the carrying out of a national purpose." [James Stewart & Co. v. Sadrakula, supra, 309 U.S. at page 103, 60 S.Ct. at page 436.] As was said in Mayo v. United States, supra, 319 U.S. at page 445, 63 S. Ct. at page 1139: "Since the United States is a government of delegated powers, none of which may be exercised throughout the Nation by any one state, it is necessary for uniformity that the laws of the United States be dominant over those of any state. Such dominancy is required also to avoid a breakdown of administration through possible conflicts arising from inconsistent requirements. The supremacy clause of the Constitution states this essential principle." [Cf. Southern Pacific Co. v. Arizona, 1945, 325 U.S. 761, 768, 65 S.Ct. 1515, 89 L.Ed. 1915.]

Had Congress intended to permit state law to control as to any beneficial interest under service insurance policies, precedent gives assurance that language appropriate to such a purpose would have been employed. [See Helmholz v. Horst, 6 Cir., 1924, 294 F. 417, 419.]

■ I therefore conclude that Congress left no room for the application of state law to rights arising under policies issued pursuant to the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. §§ 801–818. It follows then that California's community property law, [Cal.Civ.Code, § 164,] can confer no right on plaintiff to share in the proceeds of the policy at bar.

My learned colleague Judge Harrison so held with respect to the community property law of Texas in James v. United States, et al., D.C., S.D.Cal., 1947.[1]

For the reasons stated, defendants' motion for summary judgment will be granted. The entire proceeds will be awarded to the insured's mother, defendant Ferris, as the beneficiary named in the policy. The judgment will provide for payment of $500 to the attorneys for defendant Ferris, as reasonable fees for all services in connection with her claim under the policy, such fees to be allowed and paid pursuant to 38 U.S.C. A. §§ 817, 551.

Counsel for defendant Ferris will submit findings of fact, conclusions of law and judgment pursuant to local rule 7 within ten days.

---

[1] No opinion for publication.