**PACK v. UNITED STATES et al.**
No. 12139.

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1949.

Sylvester Hoffmann and Irving G. Bishop, Los Angeles, Cal., for appellant.

James M. Carter, U. S. Attorney, Ernest A. Tolin, Asst. U. S. Attorney, Clyde C. Downing and Robert Komins, Asst. U. S. Attorneys, Los Angeles, Cal., H. G. Morison, Asst. Atty. Gen., D. Vance Swann and Thomas E. Walsh, Attorneys, Dept. of Justice, Washington, D. C., for appellee U. S. A.

Cameron & Perkins, W. E. Cameron, Long Beach, Cal., for appellee Lilly Pack.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant Angel L. Pack is the widow of Clyde A. Pack, deceased. She instituted this suit in an attempt to establish a right to a part of the proceeds of a policy of National Service Life Insurance on the life of Clyde A. Pack, deceased. Jurisdiction is based on § 617 of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 817, which incorporates §§ 19 and 500 of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. §§ 445, 551.

Appellant and Clyde, the deceased, were married in California. From the date of the marriage to the death of the deceased which occurred June 11, 1945, they were residents of the state of California. On February 25, 1944, Clyde enlisted in the United States Marine Corps. He applied for and was issued a $10,000 policy of National Service Life Insurance, effective March 6, 1944. He named his mother, Lilly Pack, as sole beneficiary of the policy, this without the consent of his wife. He at no time changed or attempted to change the beneficiary. All premiums due on the policy were paid by deductions from the insured's earnings as a member of the Marine Corps.

Appellant asserts that the insurance is community property and the surviving widow had a vested interest in one-half thereof because the premiums were paid out of earnings of Clyde while he and appellant were living together as husband and wife and were residents of California. This is the rule in California with respect to insurance policies issued by private corporations. An entirely different situation is presented in dealing with a policy issued by the federal government. It is important to keep in mind that the insurance policy with which we are concerned in this case was issued pursuant to the authority of a Congressional Act. That Act, in permitting a veteran to apply for an insurance policy under its terms, limited his right to designate beneficiaries. A wife and mother were within the designated class. The Act further provides that the proceeds of the policy may be paid *only* to the person designated; that the benefits are not assignable;[1] that payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation; Shall be exempt from the claims of creditors and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.[2] Thus, the contract of insurance issued by the Government has certain restrictions and limitations placed thereon by Congress, among which is the mandate that the proceeds may be paid *only* to the person designated in the policy as beneficiary. To order the Government to pay a portion of the proceeds of the policy to the wife would necessarily require us to ignore the plain provisions of the statute and the provisions of the contract. This we are not permitted to do if, in enacting the statute, Congress was lawfully exercising the authority vested in it. We see no constitutional limitation on the power of Congress to make provision as to the manner in which the Government shall contract with holders of National Service Life Insurance. These are contracts of the United States and possess the same legal incidents as other Government contracts. Lynch v. United States, 292 U.S. 571, 54 S. Ct. 840, 78 L.Ed. 1434. The validity and construction of such policies present questions of federal law. Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S. Ct. 573, 87 L.Ed. 838. exempting of proceeds of insurance from the operation of some state laws has been held a valid exercise of congressional power. Lawrence v. Shaw, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623, 108 A.L.R. 1102. Appellant insists, however, that a different situation exists here in that she has a vested right in the proceeds by reason of the California community property law and a congressional act divesting her of that right would be void as contrary to the Fifth Amendment. The vested right is based upon the use of community funds to pay premiums. The vested right, if it exists, cannot be asserted against the Government. The Government, by reason of congressional mandate must pay the proceeds to the mother, the beneficiary named in the policy. This is essentially so in order to permit the Veterans Administration to administer the Act in a uniform manner.

Appellant asks, in the event the Government cannot be required to pay her

1. A limited power of assignment to the widow or certain relatives of the insured is now provided by 38 U.S.C.A. § 816.

2. 38 U.S.C.A. § 802.

claimed share of the proceeds directly to her, that a trust be imposed on the proceeds received by the mother or that the mother be required to execute an assignment.[3] This claim of the wife, if it exists, is not a claim against the United States. It is, at most, a claim against proceeds which may be received by the mother and can only be litigated between wife and mother in a separate action. The case of Wissner v. Wissner, 89 Cal.App.2d 759, 201 P.2d 837, is relied on by appellant. It is not authority here. In that case the United States was not a party and the state court expressly refrained from expressing an opinion as to the operation of the state community property laws as against the United States.

The statute under which this action was brought provides: "In the event of disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the district court of the United States for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * * All persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct. * * *" 38 U.S.C.A. § 445. Since the appellee, Lilly Pack, is a resident of Missouri, she was presumably brought under the jurisdiction of the United States District Court for the Southern District of California pursuant to the special provisions of this statute, although appellant asserts that the district court had jurisdiction of Lilly Pack under 28 U.S. C.A. §§ 1331 and 1332. This being a suit against the United States, as well as against a private individual, it must be conducted strictly in accordance with the terms of the statute which grants the consent of the United States to be sued. It would seem improper, therefore, to combine a proceeding to hear a dispute which the district court is given jurisdiction to hear under 38 U.S.C.A. § 445 with some other form of proceeding that might involve matters which the United States has not consented to litigate. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. The jurisdiction of the district court in this case was confined to settling a controversy over a "claim * * * under a contract of insurance [with] the Veterans' Administration." Thus, the only question which it had power to settle was who should receive payment of the insurance proceeds from the Government. There was no jurisdiction to determine whether the proceeds, once received, should be held under some kind of a trust for the benefit of the appellant or whether Lilly Pack should be compelled to execute an assignment of one-half the proceeds to the appellant, assuming such an involuntarily executed assignment to be authorized by 38 U.S.C.A. § 816.

In granting permission to be sued in cases of this character the United States was dealing with claims against it and did not consent to be brought into litigation which could expand into the trial of collateral causes of action between the original plaintiff and third parties. Moreno v. United States, 1 Cir., 120 F.2d 128. The mother, a resident of another state, was summoned into the United States District Court of California to assert her claim against the United States, not to permit the adjudication of separate and distant causes and action which third parties might attempt to assert against her. The wife, in order to have the community property right adjudicated, is required to resort to an independent action because litigation of the community property rights of the wife and

3. See Note 1.

mother is not a determination of a claim against the United States.

Judgment affirmed.

STEPHENS, Circuit Judge.

I dissent.

I am not in accord with the main opinion wherein it is stated that the United States district court did not have jurisdiction to decide the issues between the two claimants to insurance benefits. There was diversity of citizenship present and if Lilly Pack had had any objection to the venue she should have made it known seasonably. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, at pages 167, 168, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. Instead she pleaded to all of the issues of fact and law by answer and by cross-complaint and requested affirmative relief. I think the facts of the instant case and those of United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058, distinguish the latter case as not authority here.

Whatever may be said as to the statutory requirement that insurance benefits are to be paid *only* to the named beneficiary (or successor in interest as provided by the statute) in every and all circumstances [Compare Licznerski v. United States, D.C. E.D.Pa.1949, 81 F.Supp. 837], it by no means follows that in every instance the beneficiary receiving the benefit *owns* it. We have an exception to such conclusion in this case. Since the insurance was paid for out of community funds without the consent of the wife, Angel Pack, an interest in the benefits deriving therefrom accrued to her I think the district court should have taken full jurisdiction and, upon the facts of the case and the applicable law should have defined the rights of both claimants. By appropriate provision in the judgment the district court should have decreed protection to the wife as to any interest she should have in benefits which may be paid to the mother.