# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 10, 1970



Honorable Glen Aaron, Jr.
County Attorney
Tom Green County
San Angelo, Texas

Opinion No. M- 659

Re: Legal status of county
attorney and of that
office following submis-
sion of letter of resigna-
tion, acceptance by
Commissioner's Court, and
withdrawal of resignation.

Dear Mr. Aaron:

        You have requested the opinion of this office regarding
the legal status of the office of County Attorney of Tom Green
County and the status of your relationship with that office.
You have advised us that on May 15, 1970, you submitted to the
Commissioner's Court your resignation from the office of County
Attorney, to be effective June 15, 1970, that on May 15th the
Commissioner's Court accepted your resignation, and that on
June 1, 1970, you submitted to the Commissioner's Court a with-
drawal of your resignation. You have further advised us that,
"At all times to date I have acted in the official capacity of
County Attorney of Tom Green County."

        We have been advised that no other person was appointed
to and qualified for the office of County Attorney of Tom Green
County between the time you submitted your resignation and the
time you withdrew such resignation. Under the facts presented,
it appears that the officer attempted to withdraw his uncon-
ditional resignation after its unconditional acceptance by the
Commissioner's Court, and prior to the date it was to take effect.
Although we are not so advised, we assume that there has been
no withdrawal by the Commissioner's Court of its acceptance,
neither prior to the date such resignation was to take effect
nor at any subsequent time.

        Under the facts and circumstances, the resignation of
office was complete and the officer's attempt to withdraw his
resignation was futile. Since the effective date of such
resignation and acceptance, such officer must serve, and in
fact has been serving, as a "hold-over" under the authority of

-3152-

Article XVI, Section 17, Constitution of Texas, which status continues until a successor is duly qualified to fill the vacancy created. El Paso and S.W.R. Co. v. Ankenbauer, 175 S.W. 1090, 1092 (Tex.Civ.App. 1915, error ref.); Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903 (1886).

Article 13.12a, Subsection (1), Texas Election Code, provides that:

> "Where the incumbent of an office has submitted a resignation to become effective at a future date, the vacancy shall be deemed to occur upon acceptance of the resignation."

In addition, the general rule is stated in 43 American Jurisprudence 25, Public Officers, Section 170:

> ". . . And it has been held that a public officer who has freely tendered an absolute and unconditional resignation to take effect in the future may not withdraw the resignation after it has been duly accepted by the proper authority, even though the time at which it is to take effect has not arrived."

In accord, Board of Education v. Rose, 285 Ky. 217, 147 S.W.2d 83 (1941), 132 A.L.R. 969; Rogers v. Carleton, 188 Okla. 470, 110 P.2d 908 (1941), citing R.C.L; Murray v. State, 115 Tenn. 303, 89 S.W. 101 (1908), 5 Amm. Cas. 687; Anno: 16 L.R.A. (NS) 1058; L.R.A. 1917 F 547; 36 Am.St.Rep. 527. We find no Texas case authorities to the contrary, but on the other hand the Texas cases hold that a public officer is not entitled to withdraw his resignation after the acceptance by the proper authority. 47 Tex.Jur.2d 75, Public Officers, Sec. 50; Amarillo v. Medenhall, 276 S.W.2d 868 (Tex.Civ.App. 1955, error ref., n.r.e.); Sadler v. Jester, 46 F.Supp. 737 (N.D. Tex., 1942); Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398 (1950). At common law, the resignation is complete when accepted by the proper authorities. See State v. Stickley, 805 C. 64, 61 S.E. 211, 213 (1908).

The Commissioner's Court thus could validly accept the resignation without simultaneously appointing a successor and having him qualify. However, until the successor is appointed or elected and qualifies, the officer in question is still under a mandatory duty to continue to serve in the vacant office as a "hold-over" by reason of Article XVI, Section 17, Constitution of Texas. Plains Common Consol. School Dist. No. 1 v. Hayhurst,

122 S.W.2d 322 (Tex.Civ.App. 1938, no writ); Keen v. Featherson, 69 S.W. 983 (Tex.Civ.App. 1902, error ref.); El Paso & S.W.R. Co. v. Ankenbauer, supra; Attorney General Opinion No. V-760 (1949).

In the case of Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903 (1886), supra, the Supreme Court of Texas interpreted Article XVI, Section 17, Constitution of Texas, as requiring the resigning officer whose resignation has been accepted, to continue in office as a hold-over officer subject only to the successor's qualification, at which time his status as such officer ceased. In the course of the opinion, the Court said:

> "It is held by the Supreme Court of the United States, following the decision of the Supreme Court of Illinois in the same case, that under the statute of that state, which, like that of Texas, declares that all officers shall hold over until their successors are elected and qualified, an officer, whose resignation has been tendered to the proper authority and accepted, continues in office and is not released from its duties and responsibilities until his successor is appointed or chosen, and qualified. Badger v. U.S., 93 U.S. 599 [23 L.Ed. 991]."

Consequently, while there has been a legal resignation unqualifiedly accepted, the resignation of the officer is not deemed "fully effective," so far as he is concerned, until the appointment and qualification of a successor. It does not follow, however, that the officer may withdraw his resignation because of his "hold-over" status after it has been acted upon and accepted by the proper authorities. Nor does it follow that a "vacancy" has not thereby been created subject to being filled by the proper authorities.

## S U M M A R Y

Where a County Attorney submitted his absolute and unconditional resignation to take effect in the future, he may not withdraw it after it has been duly accepted by the Commissioner's Court, even though the time at which it was to take effect has not arrived. Until a successor has been appointed and qualified, the County Attorney has a continuing

duty to serve in the vacant office as a hold-over under the requirement of Article XVI, Section 17, Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
Gordon Cass
Roland Allen
Ronnie Carr

Meade F. Griffin
Staff Legal Assistant

Alfred Walker
Executive Assistant

Nola White
First Assistant