UNITED HOME FOODS DIST., INC.,
d/b/a United Credit Corporation,
Appellee,

v.

Mike R. and Ruth
VILLEGAS, Appellants.

No. 64757.

Court of Appeals of Oklahoma,
Division No. 3.

July 22, 1986.

James L. Hatfield, Oklahoma City, for appellee.

Gary A. Taylor, Oklahoma City, for appellants.

HUNTER, Judge:

Appellee, United Home Foods Dist., Inc., d/b/a United Credit Corporation, obtained a judgment against Appellants, Mike R. and Ruth Villegas. In an effort to collect the judgment Appellee discovered Appellants' bank account and issued a garnishment. Appellant, Mike R. Villegas presented a "Claim for Exemption" to the trial court which was denied. Appellants' subsequent motion for new trial was overruled and this appeal resulted.

Appellant's first proposition is that the trial court erred in denying the claimed exemption.

The evidence presented by Appellants was that the funds in the bank account were direct deposit funds for veterans disability benefits; that the account was opened solely for the purpose of receiving these funds, and that no other funds had ever been placed in the account. This evidence was totally uncontroverted. The trial court found that the funds were from veterans disability benefits only but held that once they were deposited in a bank account they were "vulnerable" and "subject to garnishment". On this basis, the trial court ordered $50.00 of the money in the account to be paid to Appellee and the balance released to Appellants. This was clearly error.

Title 38, U.S.C. § 3101(a) provides, in pertinent part:

Payments of benefits due or to become due under any law administered by the

Veterans Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, *shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.* (Emphasis added).

Oklahoma's corollary statute, 31 O.S. 1981 § 7, provides:

There shall also be exempt from levy and sale upon execution or attachment to every resident of this State who became disabled in the service of the United States as a soldier, sailor, or marine, all pension money hereafter received belonging to such soldier, sailor or marine.

In *Lawrence v. Shaw*, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623 (1937), involving state taxation of veterans' disability benefits deposited into a bank account, the Supreme Court held that exempt moneys provided for a disabled World War I veteran did not lose their exempt status merely because they were deposited by the beneficiary in a bank account. Justice Hughes wrote at 300 U.S. at 249–250, 57 S.Ct. at 445:

We cannot conceive that it was the intent of Congress that the veteran should lose the benefit of this immunity, which would attach to the moneys in his hands, by depositing the government warrants or checks in bank to be collected and credited in the usual manner. *These payments are intended primarily for the maintenance and support of the veteran. To that end neither he nor his guardian is obliged to keep the moneys on his person or under his roof.* (Emphasis added.)

In *Porter v. Aetna Casualty*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962) the Supreme Court held that veterans' benefits retained their exempt status when placed in a checking account at a savings and loan association for the reason that the money was readily available to the veteran. The test to be applied is whether those funds are identifiable and remain subject to the demand and use of the veteran for support and maintenance requirements.

The evidence was uncontroverted that the sole source of the bank deposits was directly-deposited V.A. disability benefits. The funds were used upon withdrawal to pay the bills for the family's necessities. These facts were found to be true by the trial court. The trial judge simply was mistaken as to the law when he denied the claimed exemption on the basis that once the benefits were placed into a bank account they lost their exempt nature.

Appellants' second proposition is that the trial court abused its discretion in failing to issue further orders pursuant to 12 O.S. 1981 § 1172.2(A).

That portion of the statute cited provides:

The court may direct such other orders to the plaintiff as are necessary to prevent subsequent garnishment of the exempt property.

■ We do not find such abuse of discretion as to warrant reversal. Obviously, so long as the funds in this account retain their exempt status they are not subject to garnishment. We cannot presume that the Appellee will institute indiscriminate garnishment proceedings against this bank account subsequent to this opinion without first ascertaining that it contains non-exempt funds. The extraordinary relief requested by the Appellants has not been shown to be necessary *at this time*.

For the reasons set forth above the order of the trial court appealed from is REVERSED and this matter REMANDED with instructions to issue an order releasing and returning to the Appellants the $50.00 withheld from them.

HOWARD, P.J., and HANSEN, J., concur.