**SEARS, ROEBUCK AND COMPANY,**
**Appellee,**

v.

**King HARRIS, Appellant.**

**No. 78451.**

Court of Appeals of Oklahoma,
Division No. 3.

May 18, 1993.

Gary A. Taylor, Steven A. Novick, Oklahoma City, for appellant.

Stephen L. Bruce, Clay P. Booth, Oklahoma City, for appellee.

**MEMORANDUM OPINION**

HUNTER, Judge:

Appellee sued Appellant for breach of credit card agreement. A default judgment was entered against Appellant on April 19, 1989 in the amount of $1,881.86, with postjudgment interest at the rate of 21% until the judgment was paid. Appellee was also granted costs and fees. This judgment is not in dispute.

Appellee attempted execution on the judgment by garnishment proceedings. Appellee also tried to collect on the judgment by application to the court for aid in execution. In June, 1991, after a hearing on assets, the court ordered Appellant to pay installments on his judgment debt in the amount of $60.00 per month. 12 O.S. 1991 § 850. The record contains Appellant's affidavit of income, which included $300.00 per month in nonexempt wages. Appellant moved for new trial on the ground that all of his income was exempt from execution. The court denied that motion for the reason that the evidence showed Appellant's monthly income, on June 14, 1991, was derived from the following sources: Social Security—$266.00; Veteran's benefits—$480.00; Retirement—

$425.00 and Wages—$300.00, for a total monthly income of $1471.00. This order is not in dispute either.

In August, 1991, Appellant moved to modify the order of installment payments alleging that his sole sources of income were his Social Security, Veteran's Administration Disability benefits and civil service retirement, all of which Appellant claimed were statutorily exempt from legal process. He prayed the installments be reduced to zero. Appellant testified at the hearing. The parties submitted written and oral legal arguments to the trial court. The court reduced the amount of the installments from $60.00 per month to $30.00 per month. Appellant asks us to review this decision.

### Issue

Appellant claims the trial court erred by not considering all of Appellant's income exempt from execution.[1] Appellee does not contest the fact the Appellant's Social Security income is exempt from legal process. The questions concern Appellant's Veteran's Disability benefits and his Retirement income.

### Standard of Review

■ We will affirm the trial court's order of a 12 O.S. 1991 § 850 installment payout plan to satisfy a judgment unless the order is clearly erroneous or Appellant shows the trial court abused its discretion. *Rath v. Maness*, 470 P.2d 1011 (Okl.1970).

### Findings on Review

We first find that the sole sources of Appellant's income are his Social Security, Veteran's Administration Disability benefits and his Civil Service Retirement. At the end of the testimony, the following dialogue between the court and Appellee's attorney took place:

**THE COURT:** The issue today, unless Mr. Booth tells me otherwise, is his (meaning Appellant's) total income of any kind, for the record, is what is reflected in Exhibit 1.[2] Is that right Mr. Booth?

**MR. BOOTH:** That's what he has testified to.

**THE COURT:** That's what he has testified to. And I realize there's a dispute.

**MR. BOOTH:** Right.

**THE COURT:** But I'm not going to consider the $300.00 wages that we talked about before, because this is a motion to modify.

**MR. BOOTH:** I understand.

It is clear from this exchange that the court was not considering any wages or other income except the Social Security, Veteran's disability and Civil Service Retirement. Appellee also asserts that the retirement income is not civil service retirement, so that the exemption from process statute, 5 U.S.C. § 8346, would not apply. Appellee did not object to the introduction of exhibit 1, which reflected, according to Appellant's testimony on the subject, civil service retirement. 5 U.S.C. § 8346 is the proper statute to apply.

It is undisputed that Appellant's Social Security income is exempt from legal process. *Bennett v. Arkansas*, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988). 42 U.S.C. § 407(a) provides that "none of the moneys paid or payable under the Social Security Act shall be subject to execution, levy, attachment, garnishment, or other legal process". The exemption applies to all moneys paid or payable under the act, in-

---

1. Appellant also asserts error on the ground that an order for installment payments entered pursuant to 12 O.S. § 850 is "legal process" prohibited by the pertinent exemption statutes. We agree that court orders requiring judgment debtors to pay in installments are "legal processes" because "The use of the courts to enforce an agreement between two parties is 'legal process'". *First National Bank & Trust v. Arles*, 816 P.2d 537 (Okl.1991). The issue, however, was not contested by Appellee. Furthermore, al-

though Appellant had articulated this proposed error in his motion for new trial, he did not raise it in his motion to modify.

2. Appellant failed to designate exhibits for the record. The testimony in the record concerning Exhibit 1 reveals that the exhibit consists of copies of Appellant's checks or warrants from the Social Security Administration, the Veterans' Administration and the Civil Service Retirement System. TR pp. 12–13.

cluding nonincome-based and nondisability-based, retirement. The same broad holding applies in *First National Bank & Trust Co. v. Arles*, 816 P.2d 537 (Okl.1991).

■ We next consider whether Appellant's veterans' benefits are exempt from execution. 38 U.S.C. § 5301(a) (was § 3101(a))[3] states:

Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary ...

The statutory language clearly exempts Appellant's benefits paid and payable. Appellee agrees the veterans' benefits are exempt, but asserts they lost their exempt character by being commingled. This argument is inapposite in the instant case because we have found all of Appellant's income exempt from execution. Had there been evidence that Appellant had some income that was not exempt from execution, then the "commingling" argument would be considered. So far as the character of the moneys, the relevant question is whether they all are similarly exempt from execution by legal process. It does not matter that the moneys derive from different sources. *United Home Foods Dist., Inc. v. Villegas*, 724 P.2d 265 (Okl.App.1986).

■ We now turn to the question of whether the civil service retirement income is exempt from execution on the judgment. The relevant statute is 5 U.S.C. § 8346(a), which states:

The money mentioned by this subchapter [5 USCS §§ 8331 et seq.] (federal employees retirement, note ours) is not assignable, either in law or equity, except under the provisions of subsections (h) and (j) of section 8345 of this title [5 USCS § 8345(h) and (j)], or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by Federal laws.

The exceptions do not apply here. Subsection (h) has to do with allotments or assignments of amounts from an annuity, subject to the approval of the Office of Personnel Management. Subsection (j) concerns court orders in divorce, annulment or legal separation actions. No party has cited us any other Federal law which would modify the clear meaning of this exemption statute.

Appellee's major contention is that 5 U.S.C. § 8346 only applies to future payments and does not exempt payments already made to the beneficiary, citing *Matter of Prestien*, 427 F.Supp. 1003 (S.D.Fla. 1977) where the District Court found that Section 8346 exempts only future pension amounts and not those already paid and accumulated. We are not particularly in accord with this decision because the statutory language unambiguously states that these moneys are not subject to execution. In any event, the instant case concerns an installment plan for payment of the judgment. Installments would be payable from future pension amounts and are unquestionably exempt.

We find Appellant's three sources of income, Social Security, Veterans' benefits and Civil Service Retirement, paid and payable, are all exempt from execution of a judgment for a default on a consumer debt. We therefore reverse the trial court's and remand the matter with directions to enter an order consistent with this opinion.

REVERSED AND REMANDED.

HANSEN, C.J., and BAILEY, P.J., concur.

---

**3.** Both parties to this appeal were evidently unaware that the statute was redesignated in May, 1991.